UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

HASHIM HAYNES,

                             Plaintiff,

                -against-

CITY OF NEW YORK; Detective ANIBAL
TORRES, Shield No. 2123; Detective KEVIN
DESORMEAU, Shield No. 3787; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                        Defendants.

----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 6793 (AMD)(VMS)

## <u>NATURE OF THE ACTION</u>

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## <u>JURISDICTION AND VENUE</u>

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the Constitution of the United States, the common law of the State of New York and Section 14-151 of the Administrative Code of the City of New York.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.     Plaintiff demands a trial by jury in this action.

<u>PARTIES</u>

7.     Plaintiff Hashim Haynes ("plaintiff" or "Mr. Haynes") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Detective Anibal Torres, Shield No. 2123 ("Torres"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Torres is sued in his individual and official capacity.

10.     Defendant Detective Kevin Desormeau, Shield No. 3787 ("Desormeau"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Desormeau is sued in his individual and official capacity.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.    At approximately 10:19 p.m. on August 21, 2015, Mr. Haynes was lawfully walking into his home, located at 772 Elton Street in Brooklyn, New York.

15.    Mr. Haynes, an employee of the New York City Taxi and Limousine Commission with no criminal history, was on his way home from work.

16.    As Mr. Haynes approached the door to his home, an unmarked sedan drove up next to him.

17.    Inside the vehicle were the individual defendants wearing plainclothes.

18.    Based solely on Mr. Haynes' race, for no legitimate or lawful purpose, and without identifying themselves as police officers, the defendants called over to Mr. Haynes.

19.    Mr. Haynes approached the vehicle as two of the officers exited.

20.    The officers subjected Mr. Haynes to an unconstitutional and invasive stop and frisk.

21.    Mr. Haynes was cooperative and compliant.

22.    While the officers were searching Mr. Haynes, Mr. Haynes' relative walked out of the house.

23.    The officers promptly walked away from Mr. Haynes and reentered their vehicle.

24.     At the same time, Mr. Haynes took out his cellular phone and attempted to photograph the license plate.

25.     The driver reversed the car a few feet, then drove forward, plowing the vehicle directly into Mr. Haynes.

26.     Mr. Haynes was knocked to the ground.

27.     As Mr. Haynes lay injured, the officers exited their vehicle and again approached him.

28.     One of the officers reached into Mr. Haynes' pockets and aggressively searched him on the ground.

29.     Upon information and belief, the officers did not call for an ambulance, even though Mr. Haynes was in obvious need of medical attention.

30.     After an ambulance was summoned by a civilian at the scene, Mr. Haynes was taken to Brookdale Hospital for treatment.

31.     The defendants did not accompany Mr. Haynes to the hospital or otherwise concern themselves with his health or well being.

32.     Mr. Haynes sustained serious physical injuries, including, *inter alia*, the exacerbation of pre-existing bulging discs.

33.     Upon information and belief, the injuries Mr. Haynes sustained are both permanent in nature and worsening over time, and will require ongoing medical

attention and physical therapy.

34.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

35.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

36.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

37.     Mr. Haynes suffered damage as a result of defendants' actions.   Mr. Haynes was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

**SECOND CLAIM**
**State Law False Imprisonment**

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning plaintiff.

43.     Plaintiff was conscious of his confinement.

44.     Plaintiff did not consent to his confinement.

45.     Plaintiff's confinement was not otherwise privileged.

46.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
## Unreasonable Force

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth

herein.

49.     The defendants violated the Fourth and Fourteenth Amendments

because they used unreasonable force on plaintiff.

50.     As a direct and proximate result of this unlawful conduct, plaintiff

sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## State Law Assault and Battery

51.     Plaintiff repeats and realleges each and every allegation as if fully set forth

herein.

52.     By their conduct, as described herein, the defendants are liable to

plaintiff for having assaulted and battered him.

53.     Defendant City of New York, as an employer of the individual

defendant officers, is responsible for their wrongdoing under the doctrine of

*respondeat superior.*

54.     As a direct and proximate result of the misconduct and abuse of

authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
## Negligence; Negligent Hiring/Training/Retention

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth

herein.

56.     Defendant City, through the NYPD, owed a duty of care to plaintiff to

prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff

or to those in a like situation would probably result from the foregoing conduct.

57.     Upon information and belief, all of the individual defendants were unfit

and incompetent for their positions.

58.     Upon information and belief, defendant City knew or should have

known through the exercise of reasonable diligence that the individual defendants

were potentially dangerous.

59.     Upon information and belief, defendant City's negligence and its

negligence in screening, hiring, training, disciplining, and retaining these defendants

proximately caused each of plaintiff's injuries.

60.     As a direct and proximate result of this unlawful conduct, plaintiff

sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

61.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

63.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

64.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

65.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

66.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

68.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

69.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

70.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Deliberate Indifference

71.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72.   The individual defendants knowingly endangered plaintiff's safety and ignored his need for medical care, in deliberate indifference to plaintiff's needs.

73.   Accordingly, defendants violated the Fourteenth Amendment.

74.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure to Intervene

75.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77.   Accordingly, the defendants who failed to intervene violated the Fourth, and Fourteenth Amendments.

78.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Bias-Based Profiling

79.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80.     In initiating law enforcement action against Mr. Haynes based on his actual and/or perceived race and/or color, rather than Mr. Haynes' behavior or other information linking him to suspected unlawful activity, the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

81.     Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:      April 27, 2016
            New York, New York

                        HARVIS & FETT LLP

                        _____
                        Gabriel P. Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@civilrights.nyc

                        *Attorneys for plaintiff*

-14-